IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-48,694-02/03





EX PARTE ROBERT JAMES NEVILLE, JR.







ON APPLICATION FOR WRIT OF HABEAS CORPUS


AND WRIT OF MANDAMUS


IN CAUSE NO. 0685474 FROM THE


371
ST DISTRICT COURT OF TARRANT COUNTY




Per Curiam. Cochran, J., filed a statement concurring in the dismissal of the writ
and denial of a stay of execution, in which Johnson and Keasler, JJ., joined.



ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071, Section 5, and a motion for leave to file writ
of mandamus. Applicant asserts he is mentally retarded and cannot be executed. He also
alleges the trial court has failed to properly apply Texas Code of Criminal Procedure, Article
43.141 in setting the date of execution.

 Applicant was convicted of capital murder and waived his right to appeal and to file
an application for writ of habeas corpus. This Court ordered that the trial court determine 


 Neville -2-

whether the waiver was knowingly and voluntarily entered. On September 19, 1999, the
trial court confirmed that applicant knowingly and voluntarily waived his right to counsel and
to pursue his post conviction rights of appeal and habeas corpus. This Court reviewed the
record of the trial, found no fundamental error and affirmed the conviction and sentence. 
Neville v. State, No. 73,368 (Tex. Crim. App. December 1, 1999). When the mandate issued
from this Court, the trial court set a date for execution. At that time applicant rescinded his
waiver of habeas corpus, counsel was appointed, the death warrant was withdrawn, and an
application was filed. After reviewing the application, this Court denied relief. Ex parte
Neville, No. WR-48,694-01 (Tex. Crim. App. March 28, 2001).

 We have reviewed this application and find that it does not meet the requirements of
Texas Code of Criminal Procedure, Article 11.071, section 5, for consideration of the claims
raised in a subsequent application for writ of habeas corpus. As such, the application is
dismissed as an abuse of the writ. We also find that the trial court did not fail to properly
observe the statutory requirements in setting the date of execution under the provisions of
Texas Code of Criminal Procedure, Article 43.141. Leave to file the motion for writ of
mandamus is denied. The motion to stay execution is denied.

 IT IS SO ORDERED THIS THE 6TH DAY OF FEBRUARY, 2006.

Do Not Publish